papers are received by the clerk within the time fixed for filing. . . ."

To the extent that Hogan's motion may be construed as a motion for relief from judgment brought pursuant to Fed. R.Civ.P. 60(b), the bankruptcy court did not abuse its discretion when it denied the motion. Hogan did not allege, and indeed cannot allege, the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6).

Accordingly, the BAP decision affirming the bankruptcy court's decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

**AMERICAN CULINARY CORPO-RATION; Peter Pike, Plaintiffs–Appellants,**

v.

**GENERAL STAR INDEMNITY COMPANY, Defendant–Appellee.**

No. 02–3575.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2003.

Timothy A. Shimko, Shimko & Associates, Cleveland, OH, for Plaintiffs–Appellants.

James W. Lewis, Lane, Alton & Horst, Columbus, OH, for Defendant–Appellee.

Before NORRIS, BATCHELDER and COLE, Circuit Judges.

BATCHELDER, Circuit Judge.

American Culinary Corporation ("ACC") appeals the district court's order granting summary judgment in favor of General Star Indemnity Company ("General Star") and denying ACC's cross motion for summary judgment in this diversity action brought by ACC to recover for an alleged breach of an indemnity insurance contract by General Star. The indemnity insurance policy at issue was issued by General Star to Provident Bank, which held the real estate mortgage on the property insured. The district court held that the express terms of the policy limited the coverage to the lesser of the replacement cost of the building or the outstanding balance of the mortgagee's loan. Accordingly, the district court held that ACC, which was the assignee of the mortgagee of the property insured, had an insurable interest only in the amount of the outstanding balance of the mortgage loan; that ACC's recovery under the policy was limited to the amount of the outstanding balance of that loan; and that ACC's interest was limited to that aggregate amount, and the fact that the insurance policy provided coverage on a "per occurrence" basis did not affect the express limitation on ACC's interest.

Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we conclude that the district court's order thoroughly and accurately sets out both the undisputed facts and the governing law, and clearly articulates the reasons underlying its decision. We are persuaded that we can add nothing to the district court's excellent opinion, and that issuance of a full written opinion by this

court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.